IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WENDY S. LOWRY,                )
                               )
            Plaintiff,         )
                               )
        v.                     )   Civil Action No. 15-997
                               )
CAROLYN COLVIN, ACTING         )
COMMISSIONER, SOCIAL SECURITY  )
ADMINISTRATION,                )
                               )
            Defendant.         )


O R D E R

AND NOW, this 22nd day of September, 2016, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for Supplemental Security Income ("SSI") benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's

1

decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[1]

---

[1] The Court finds no merit in Plaintiff's contentions that the administrative law judge ("ALJ") erred in her treatment of the medical opinions in this matter, in evaluating Plaintiff's credibility, and in finding her to be not disabled under the Social Security Act.

Plaintiff suggests that the ALJ should have given not just more weight, but controlling weight, to the opinions of John Carosso, Psy.D., Nikki Slominski, LSW, and Michelle Malloy, CRNP. However, the Court notes at the outset that unlike the opinion of a treating physician, which under certain circumstances must be given controlling weight, see 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), the opinions here come from other sources and, therefore, are not entitled to be given controlling weight. Dr. Carosso was a consultative examiner in this case. Ms. Slominski, a licensed social worker, and Ms. Malloy, a nurse practitioner, are not considered to be "acceptable medical sources" within the meaning of the regulations; rather, they fall under the category of "other sources." 20 C.F.R. §§ 404.1513(a) and (d), 416.913(a) and (d). Only acceptable medical sources are considered to be treating sources whose opinions can be entitled to controlling weight. See Lehman v. Astrue, 2010 WL 2034767, at *11 (W.D. Pa. May 18, 2010) (citing Social Security Ruling 06-03p, 2006 WL 2329939 (S.S.A.) (2006)). Accordingly, there would have been no basis for the ALJ to have given controlling weight to any of these opinions.

Of course, the ALJ still had to consider these opinions, which she did, giving Dr. Carosso's opinion partial weight and giving little weight to the opinions of Ms. Slominski and Ms. Malloy. (R. 23-24). She based her findings on several factors, including the objective evidence in the record (including Dr. Carosso's clinical findings), credibility issues (further discussed below), and Plaintiff's course of treatment and activities of daily living. (R. 18-24). She also cited the opinion of the state reviewing agent, Manella Link, Ph.D. (R. 24). Although, in general, "the opinions of a doctor who has never examined a patient have less probative force as a general matter, than they would have had if the doctor had treated or examined him," Morales v. Apfel, 225 F.3d 310, 320 (3d Cir. 2000)(internal quotations omitted), where "the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit." Id. at 317. See also Dula v. Barnhardt, 129 Fed. Appx. 715, 718-19 (3d Cir. 2005). The ALJ, of course, "'cannot reject evidence for no reason or for the wrong reason,'" Morales, 225 F.3d at 317 (quoting Plummer v. Apfel, 186 F.3d 422,

2

429 (3d Cir. 1999)), and can only give the opinion of a non-treating, non-examining physician weight insofar as it is supported by evidence in the case record, considering such factors as the supportability of the opinion in the evidence, the consistency of the opinion with the record as a whole, including other medical opinions, and any explanation provided for the opinion. See Social Security Ruling 96-6p, 1996 WL 374180 (S.S.A.), at *2 (1996). In certain cases, it would not be unwarranted to give more weight to the non-examining professional's opinion. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of the non-examining state agency reviewing psychologist because his opinion was more supported by the record than the opinions of the treating physician and the consultative examiner). The record here establishes that the ALJ certainly could give more weight to the opinion of the state reviewing agent than to those of the non-treating consultant, an LSW, and a nurse practitioner. As it is, the ALJ actually found Plaintiff to be more limited than did Dr. Link. (R. 24). Therefore, in formulating Plaintiff's residual functional capacity ("RFC"), the ALJ adhered to her duty and balanced all of the evidence. Indeed, "[t]he ALJ -- not treating or examining physicians or State agency consultants -- must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). See also 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c), 416.927(d)(2), 416.927(c); Social Security Ruling 96-5p, 1996 WL 374183 (S.S.A.) (1996). That is what the ALJ did here based on the totality of the evidence.

Plaintiff further argues that, in determining her RFC, it was somehow improper for the ALJ to have "imposed a requirement of objectivity," claiming essentially that the ALJ relied too much on the objective medical evidence in evaluating the medical opinions, in determining her credibility, and in formulating the RFC. There are several problems with this argument. First, it is axiomatic that an ALJ must consider the objective medical evidence in evaluating medical opinions and subjective claims. See 20 C.F.R. §§ 404.1527(c)(3), 404.1529(c)(2), 416.927(c)(3), 416.929(c)(2). The ALJ was simply not at liberty to disregard such evidence. Moreover, contrary to Plaintiff's contention, at no point did the ALJ insist that any limitations must be established solely by way of objective medical evidence. She also considered Plaintiff's subjective complaints.

However, as Plaintiff herself acknowledges, the ALJ found there to be credibility issues with regard to Plaintiff's subjective claims. Plaintiff takes issue with the ALJ's credibility determination, asserting that the ALJ gave undue weight to Plaintiff's appearance at the hearing in finding Plaintiff's claims that she neglected her hygiene lacked credibility and in considering her activities of daily living, which she claims were limited and intermittent. Again, the Court disagrees. First, it is not accurate to say that the ALJ found Plaintiff's statements about her neglect of her hygiene to lack credibility merely because of her appearance at the hearing. Although the ALJ noted that Plaintiff appeared quite tan and had recently had her hair and nails done at the

hearing (R. 18), she also explained how this evidence was consistent with other evidence in the record that indicated that Plaintiff routinely used a tanning machine, maintained a presentable appearance, and/or had manicures and pedicures. (R. 18-19, 23). Indeed, the record is replete with such references. (See, e.g., R. 628, 629, 631, 634, 651, 654, 661, 668, 674, 686, 697, 701). Plaintiff, of course, has offered an explanation as to why these references are consistent with her claims that she neglects her hygiene, but the ALJ obviously rejected her explanation, and the Court finds that substantial evidence supports the ALJ's decision to do so. Moreover, an ALJ may consider a claimant's activities of daily living in evaluating the claimant's credibility regarding his or her symptoms. See Garrett v. Comm'r of Soc. Sec., 274 Fed. Appx. 159, 164 (3d Cir. 2008) (citing Burns v. Barnhart, 312 F.3d 113, 129-30 (3d Cir. 2002)). Accordingly, there was nothing improper about the ALJ considering Plaintiff's activities, such as the fact that she drove, had numerous social interactions, shopped, attended appointments, cleaned, and watched television, in evaluating her credibility. Indeed, none of these factors were cited as uniquely precluding Plaintiff from being disabled; rather, they were part of the ALJ's overall factual analysis, as they should have been. As a general matter, an ALJ's credibility determination is afforded significant deference. See Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). Here, there was clearly sufficient evidence to support the ALJ's findings regarding the veracity of Plaintiff's subjective complaints.

The Court notes that Plaintiff also references medical records submitted to the Appeals Council, but not to the ALJ, pertaining to treatment post-dating the ALJ's decision. It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence, even if it was submitted to the Appeals Council. See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler, 667 F.3d at 360. Accordingly, the Court cannot rely on the additional documents to which Plaintiff refers in making its determination here.

The Court does note that it has the authority to remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g). Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

To remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 8) is DENIED, and Defendant's Motion for Summary Judgment (document No. 10) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf: Counsel of record

---

reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984). Here, Plaintiff has not asked this Court for a remand based on new evidence, and, in any event, the medical records pertain to a fairly discreet incident, a drug overdose, that occurred after the ALJ rendered her opinion. (R. 79). The records are a bit unclear as to whether this overdose was accidental or related to suicidal thoughts. (R. 81, 85, 112). In any event, "[a]n implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition," see Szubak, 745 F.2d at 833, and Plaintiff has made no attempt to demonstrate that these materials relate back to the relevant time period.

Accordingly, the ALJ adequately explained the basis for her findings, and substantial evidence supports her decision.